Howry, J.,
delivered the opinion of the court:
This is a claim of an attorney of the United States for the second division of the district of Alaska for seven *427 months’ salary and for expenses alleged to have been incurred while traveling on official business out of the attorney’s district. The salary claimed is for approximately the, period covered by a trip from Nome, Alaska, the claimant’s place of official residence, to the States and return, and the expenses alleged to have been incurred on the same journey. The defense to the claim is, that the claimant was not only absent from his post, but absent from the duties of his office within the meaning of that section of the Revised Statutes which provides: “ Sec. 1884. When any officer of a Territory is absent therefrom, and from the duties of his office, no salary shall be paid him during the year in which such absence occurs, unless good cause therefor be shown to the President, who shall officially certify his opinion of such cause to the proper accounting officer of the Treasury, to be filed in his office.”
It is incontrovertible that the claimant was absent from Alaska and from the duties of his office for the time mentioned. The court unanimously finds this fact, and that this is the only essential fact to be considered. It was expressly stated to the claimant over the signature of the Attorney-General that while the statements made as to the condition of the claimant’s private business were appreciated, yet in view of the probability that if he left his district at the time he desired to leave he would be unable to get back to Alaska until some time in the following spring, and that, with due regard to the public interests, the claimant’s request for leave of absence could not be allowed. These instructions were received by the claimant ten days before his departure, and in consequence of his unauthorized absence the claimant subsequently was removed from office and the President refused to interfere in his behalf.
There is no other issue of fact necessary to notice except to state a contention as to a matter out of which an issue is sought to be made. It is alleged that the presence of the claimant in the States and the incidfental attention given by him to three cases while here entitled him to be paid because he was really attending to the duties of his office. The court should not be diverted and indeed can not be led away from *428 the paramount fact that the claimant was absent from his district against the orders of his official superior. No territorial district attorney has the right to request a leave of absence and, upon being denied permission to leave, fly in the face of such refusal and claim exemption from the terms of the statute on the ground that while absent he was discharging the duties of his office in cases pending in the courts of his district. The approval of such an argument would put it in the power of every territorial district attorney to leave at will without the formality of even asking the necessary permission. The statute can not be evaded by the officer so taking the matter in his own hands and then claiming exemption from the penalties imposed by law for leaving the post designated for the performance of his official duty.
The only legal question for decision is the contention of the claimant that, even if he were unjustifiably absent, the section of the law cited does not apply to him. Section 1884, it is argued, does not apply to officers in Alaska, because in certain criminal and civil codes Alaska is not termed a “ Territory ” but is made a “ district.” (1 Supp. R. S., 430; 2 Supp. R. S., 755, 1003, 1194.)
By an act approved July 27, 1868 (15 Stats., 240), Alaska was specifically referred to as a “ Territory.” In establishing a customs collection district at that time, all of the territory specifically mentioned in section 2 of that act, covering the entire territory acquired from Russia, was declared to constitute a collection district called Alaska.
By section 7 of “An act providing a civil government for Alaska,” approved May 17, 1884 (23 Stats., 24) it was provided that the general laws of the State of Oregon then in force were to be the law in the said district so far as the same might be applicable and not in conflict with the provisions of the act or the laws of the United States. By section 9 of the same act the claimant became one of the officers therein provided. Alaska was created a land “ district ” and a “ district ” court was also provided. All officers appointed for the district were required to take the oaths required by the laws of the United States not locally inapplicable to said district. The laws of the United States not inconsistent with *429 the provisions of the act were extended to Alaska. By section 8 of the act of June 6, 1900 (31 Stats., 321), it was provided that three district attorneys should be appointed for the district, to be assigned to the divisions mentioned in the act, who should reside during their respective terms of office at the place designated as the place of residence of the judge of the division of the court to which each of the district attorneys should be assigned. Each attorney had cast upon him the obligation to perform the duties required to be performed by United States district attorneys in other districts, and such other duties as might be required by law.
By another act (31 Stats., 494) it was provided that “ the Attorney-General may from time to time make such rules and regulations, not in conflict with the law, as he may deem necessary to insure the efficient administration of the law ” (in Alaska). Under this authority and by virtue of sections 262 and 368, the Attorney-General promulgated the following regulation: “ When it becomes necessary for the district attorney or his assistant to travel outside of his district, permission must be obtained from the Attorney-General.”
From the foregoing recitals the court is of the opinion that judicial officers, of which the plaintiff was one, were made amenable to the laws of the United States very much the same as officers in other Territories were. There is nothing to indicate that Congress meant to take Alaska out of the class of country styled “ Territory ” and make of it a district as contradistinguished from a Territory. It is true that no legislative assembly was provided for Alaska as in other Territories. Want of population, we all know, was the reason for that. But no purpose can be attributed to Congress to mark any difference between this one part of our domestic possessions and our other domestic possessions except such as arose from location and the conditions pertaining to small and inconsiderable settlements. Kunning through all the statutes referring to Alaska there seems to have been an indiscriminate and interchangeable use of the terms district and territory. This term district as used merely marked the geographical boundaries of a Territory of the United States in the creation of a separate land, revenue, and judicial district. For example, circuit and district courts there were *430 legislative courts, and therefore not courts of the United States within the meaning of the exception in section 1768 of the Revised Statutes relating to the tenure of office of civil officers. When a judge in that district was removed under the tenure-of-office law the removal operated upon him as a territorial judge (McAllister v. United States, 141 U. S., 174.).
Everything considered, the defense that the claimant was not a territorial officer is too technical to receive further consideration. Alaska is as much a domestic Territory as Arizona.
Judgment will be entered for defendants, dismissing the petition.